NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10193 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00284-DKW |
| v. | |
| TURK K. CAZIMERO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted February 13, 2018**

Before:  LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Turk K. Cazimero appeals from the district court's judgment and challenges the 96-month sentence imposed following his guilty-plea conviction for wire fraud, in violation of 18 U.S.C. § 1343.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cazimero contends that the district court erred and violated his due process rights by imposing an upward variance on the basis of unsworn victim impact statements, the perceived leniency of his prior state court sentence, and his inability to pay restitution. The record reflects that the district court properly based its variance on the 18 U.S.C. § 3553(a) factors, including Cazimero's history and characteristics, and the need to provide just punishment for the offense. The court did not violate due process by considering unsworn victim impact statements, which Cazimero has not shown were materially false or unreliable. *See United States v. Christensen,* 732 F.3d 1094, 1102, 1106 (9th Cir. 2013) (district court may consider unsworn victim impact statements at sentencing; due process violated only when sentence is imposed on the basis of materially false or unreliable information). Nor did the court engage in impermissible double counting by varying upwards based on the effect of the crime on the victims. *See id.* at 1100-01. Moreover, the court appropriately considered the failure of Cazimero's prior sentence to deter him, *see* 18 U.S.C. § 3553(a)(1), (2)(B), as well as the impact on the victims of his inability to pay restitution. *See United States v. Rangel,* 697 F.3d 795, 804 (9th Cir. 2012) (court's consideration of inability to pay restitution not error where "[t]he court's discussion made clear that its concern over restitution was based on the impact [defendant's] crime had on the victims and was not designed to punish [defendant] for his inability to pay"). Finally, in light of the section 3553(a) sentencing factors and the totality of the circumstances,

17-10193

the above-Guidelines sentence is substantively reasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

17-10193